FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 19 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MONIQUE ELIZABETH LITCHMORE,

                Plaintiff,

     -against-

MAURICE MORAN a/k/a U.S. POSTAL
WORKER MORAN,

                Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

14-CV-4180 (SLT)

**TOWNES, United States District Judge:**

Plaintiff Monique Elizabeth Litchmore, proceeding *pro se*, brings this action against a postal worker, Maurice Moran, alleging that he violated various laws and caused her to develop mental illnesses that required hospitalization. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, for the reasons discussed below, the complaint is dismissed without prejudice to filing an amended complaint within thirty (30) days from the date of this Memorandum and Order.

## BACKGROUND

On May 22, 2014, plaintiff commenced this action by filing a form complaint in the United States District Court for the Southern District of New York. That complaint alleges that plaintiff and Mr. Moran—the only defendant listed in the caption of the complaint—both live in Brooklyn, New York. Complaint, ¶ I(B). The body of the complaint lists another defendant, Brookdale Hospital Corp., and provides a Brooklyn address for that defendant.

The complaint specifically alleges that the acts and/or omissions giving rise to this action took place between September 2000 and the present and occurred at Mr. Moran's address. Complaint, ¶ III(A) & (B). However, the complaint does not allege what Mr. Moran and/or

Brookdale Hospital did or failed to do. Rather, the "Facts" section of the form complaint reads as follows:

> ID Theft; Violation(s) FDIC/SEC/Credit Card Fraud; Public Welfare; Federal Mail Tampering; National Security; SVU-Sexual Predator; Violation of FOIL/Patriot Act/National Security Threat

*Id.*, ¶ III(C). Plaintiff repeats this same list in the section of the form complaint which requires plaintiff to set forth the "federal Constitutional, statutory or treaty right" which gives this Court federal question jurisdiction over this action. *Id.*, ¶ II(B).

The complaint is more specific in describing the injuries plaintiff allegedly suffered and the relief which plaintiff seeks. Plaintiff alleges that, as result of defendants' undisclosed acts or omissions, she suffers from "Bipolar Disorder" and "PTSD" which necessitates "constant hospitalization at ... mental institutions." *Id.*, ¶ IV. In a section entitled "Relief," plaintiff demands that this Court "prosecute [defendant] to the fullest extent of the law regarding his violation(s) of [her] Constitutional rights and liberties ..." *Id.*, ¶ V (brackets added). Plaintiff also seeks "monetary compensation of all expenses related to [her] diagnosis of Bipolar/PTSD/Manic Depressant." *Id.* (brackets added).

On July 2, 2014, Chief Judge Preska of the United States District Court for the Southern District of New York issued a Transfer Order, directing that this action be transferred to this Court. Judge Preska principally relied on 28 U.S.C. § 1391(b), which provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may

2

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Since the complaint alleged that all defendants resided in Brooklyn, which is in this district, *see* 28 U.S.C. § 112(c), and that the events or omissions giving rise to this action took place in Brooklyn, Judge Preska reasoned that venue was proper only in this district.

## DISCUSSION

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Nonetheless, complaints must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Federal Rules of Civil Procedure do not require detailed factual allegations, but demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court has stated:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted; brackets added in *Iqbal*).

If a district court determines that an action fails to state a claim on which relief may be granted, the court is required to dismiss the action. *See* 28 U.S.C. § 1915(e)(2). "Although the language of § 1915 is mandatory ... a *pro se* plaintiff who is proceeding *in forma pauperis* should

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Since the complaint alleged that all defendants resided in Brooklyn, which is in this district, *see* 28 U.S.C. § 112(c), and that the events or omissions giving rise to this action took place in Brooklyn, Judge Preska reasoned that venue was proper only in this district.

## DISCUSSION

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Nonetheless, complaints must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Federal Rules of Civil Procedure do not require detailed factual allegations, but demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court has stated:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted; brackets added in *Iqbal*).

If a district court determines that an action fails to state a claim on which relief may be granted, the court is required to dismiss the action. *See* 28 U.S.C. § 1915(e)(2). "Although the language of § 1915 is mandatory ... a *pro se* plaintiff who is proceeding *in forma pauperis* should

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Since the complaint alleged that all defendants resided in Brooklyn, which is in this district, *see* 28 U.S.C. § 112(c), and that the events or omissions giving rise to this action took place in Brooklyn, Judge Preska reasoned that venue was proper only in this district.

## DISCUSSION

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Nonetheless, complaints must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Federal Rules of Civil Procedure do not require detailed factual allegations, but demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court has stated:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted; brackets added in *Iqbal*).

If a district court determines that an action fails to state a claim on which relief may be granted, the court is required to dismiss the action. *See* 28 U.S.C. § 1915(e)(2). "Although the language of § 1915 is mandatory ... a *pro se* plaintiff who is proceeding *in forma pauperis* should

be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam*)) (ellipses added in *Cruz*).

In this case, the complaint does not allege any facts whatsoever. Rather, the complaint contains only accusations, asserting that Mr. Moran committed various crimes and otherwise violated federal laws. Since these naked assertions and unadorned accusations are insufficient to state a claim, *see Iqbal*, 556 U.S. at 678, the complaint is dismissed.

Since the Court cannot rule out the possibility that the *pro se* plaintiff could allege facts to support her claims, this Court, in an abundance of caution, will grant plaintiff leave to amend her complaint. Plaintiff is advised, however, that some of the relief which she seeks in this action is unavailable in this forum. First, this Court cannot initiate a prosecution, even if plaintiff can provide facts to establish that Mr. Moran perpetrated the crimes listed in the complaint. Rather, "criminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution." *Solomon v. H.P. Action Ctr., H.P.D.*, No. 99 Civ. 10352 (JSR), 1999 WL 1051092, at *1 (S.D.N.Y. Nov. 19, 1999). To the extent that plaintiff has evidence of state-law crimes, such as identity theft, fraud, or sexual offenses, she may wish to contact the New York City Police Department. To the extent that plaintiff has evidence of "federal mail tampering," she may wish to contact the United States Postal Police.

Second, plaintiff does not have standing to sue over acts or omissions which did not injure her personally. Accordingly, even if defendants' acts or omissions endangered the "public welfare" or created a "national security threat," she may not have a private right of action. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Third, defendant Moran, as an individual, cannot be sued for a "violation of FOIL." The Freedom of Information Act ("FOIA") entitles any member of the public "to have access to any record maintained by a federal agency, unless that record is exempt from disclosure under one of the Act's nine exemptions." *A. Michael's Piano, Inc. v. F.T.C.*, 18 F.3d 138, 143 (2d Cir. 1994). "Individual federal officials are not proper defendants in a FOIA action because it is the *agency's* responsibility to produce records." *Mancuso v. U.S. E.P.A.*, No. 5:12-CV-1027 (LEK/TWD), 2012 WL 6765360, at *4 (N.D.N.Y. Nov. 5, 2012) (quoting *Jefferson v. Reno*, 123 F. Supp. 2d 1, 3 (D.D.C.2000)) (emphasis in *Jefferson*).

Finally, the "FDIC" and "SEC" are not laws, but entities. The Federal Deposit Insurance Corporation ("FDIC") is an independent agency of the federal government which, among other things, insures deposits in banks and thrift institutions. *See* http://www.fdic.gov/about/learn/symbol/. The Securities and Exchange Commission is a federal agency created to "protect investors, maintain fair, orderly, and efficient markets, and facilitate capital formation." *See* http://www.sec.gov/about/whatwedo.shtml. Accordingly, while it is possible, if unlikely, that Mr. Moran violated some banking or securities law or regulation, the FDIC and SEC cannot be violated.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff shall have thirty (30) days from the date of this Memorandum and Order in which to file an amended complaint. This amended pleading must identify each defendant in both the caption and the body of the complaint and must allege facts sufficient to state a cognizable federal claim against each defendant. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. In addition, the amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Memorandum and Order.

If plaintiff fails to comply with this order within the time allowed, judgment may be entered against plaintiff without further notice. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Court

Dated: August 18, 2014
Brooklyn, New York